Filed 6/10/13  P. v. Carrera CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F065149 |
| v. | (Super. Ct. No. F11903701) |
| ANTHONY SONNY CARRERA, | **OPINION** |
| Defendant and Appellant. | |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Jon N. Kapetan, Judge.

Deborah Prucha, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Wiseman, Acting P.J., Levy, J., and Poochigian, J.

Appellant, Anthony Sonny Carrera, pled no contest to brandishing a weapon (Pen. Code, § 417, subd. (a)(2)(B))[1] and admitted allegations that he committed the offense for the benefit of a street gang (§ 186.22, subd. (d)). Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On June 12, 2011, Desiree N. and Crystal L. walked to an elementary school in Fresno to fight a girl who was dating a gang member. No fight occurred, however, because gang members were present at the school. Eventually, Desiree and Crystal left the school, walking with a group of friends. While they were waiting at a stop light, the women saw Carrera sitting in the back seat of a vehicle that was stopped at the light. Carrera began yelling the name of a gang and pulled out a shotgun. He then racked the shotgun and pointed it at the two women, before his vehicle drove away. The women each identified Carrera from a photo line-up as the man who pointed the shotgun at them. Carrera was arrested on June 26, 2011, during a traffic stop.

On January 26, 2012, the district attorney filed an information charging Carrera with assault with a firearm (count 1/§ 245, subd. (a)(2)), and street terrorism (count 2/§ 186.22, subd. (a)). Count 1 also alleged a personal use of a firearm enhancement (§ 12022.5, subd. (a)) and that Carrera committed the offense for the benefit of a street gang.

On March 22, 2012, the prosecutor amended count 1 to allege brandishing a weapon, and the gang allegation in that count to a violation of section 186.22, subdivision (d). Carrera then pled no contest to brandishing a weapon and admitted the amended gang allegation, which converted his brandishing offense to a felony. In exchange for his plea, count 2 was dismissed, Carrera was given an indicated sentence of one year, and the

---

[1]     All further statutory references are to the Penal Code.

district attorney agreed not to file any charges relating to an incident that Carrera was involved in at the Fresno County Jail.

On August 27, 2012, the court sentenced Carrera in accord with his plea agreement to a one-year term.

Carrera's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*Wende*, *supra*, 25 Cal.3d 436.) Carrera has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record, we conclude that no reasonably arguable factual or legal issues exist.

## **DISPOSITION**

The judgment is affirmed.